| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | |
| ) | Civil Action No. 2015-CP-40-5273 |
| Allison Colter, on behalf of herself and all others similarly situated, ) ) | |
| Plaintiff, ) | **AMENDED SUMMONS** |
| vs. ) | |
| Omni Insurance Company and Omni Indemnity Company, ) ) | |
| Defendants. ) | |

TO: THE DEFENDANT(S) ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint in this action, a copy of which is herewith served on you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 2519 Devine Street, Suite A, Columbia, South Carolina, 29205, within thirty (30) days of the date of service, exclusive of the day of such service; if you fail to answer the said Amended Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the said relief demanded in the Amended Complaint.

GOODWYN LAW FIRM, LLC

*[signature]*

T. Jeff Goodwyn, Jr., Esquire
Rachel G. Peavy, Esquire
2519 Devine Street, Suite A
Columbia, SC 29205
(803) 251-4517 (office)
(803) 251-4527 (fax)
JGoodwyn@Goodwynlaw.com

Dated: September 15, 2015

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | |
| ) | Civil Action No. 15-CP-40-5273 |
| Allison Colter, on behalf of herself and all others similarly situated, ) ) | |
| Plaintiff, ) | **AMENDED COMPLAINT** |
| vs. ) | (Jury Trial Demanded) (Class Action) |
| Omni Insurance Company and Omni Indemnity Company, ) ) | |
| Defendants. ) | |

The Plaintiff, Allison Colter, individually and as class representative, and those similarly situated, complaining of the Defendants herein, files their Amended Complaint and would respectfully show unto this Honorable Court as follows:

1. Plaintiff Allison Colter, individually and as class representative, is a resident of Richland County, South Carolina.

2. Defendant Omni Insurance Company (hereafter "Omni Insurance Co.") is a foreign corporation doing business in Richland County, South Carolina and may be served through the South Carolina Department of Insurance.

3. Defendant Omni Indemnity Company (hereafter "Omni Indemnity Co.") is a foreign corporation doing business in Richland County, South Carolina and may be served through the South Carolina Department of Insurance.

4. Jurisdiction and venue are proper in Richland County.

1

5. On February 17, 2015, Plaintiff was involved in an automobile accident with an insured of Omni Insurance Co. and/or Omni Indemnity Co. (collectively "Omni"), Kayla McDaniels, wherein Ms. McDaniels, traveling too fast for conditions, rear-ended Plaintiff's 2010 KIA vehicle, causing damage.

6. After submitting a claim for property damage as a result of the accident, Omni agreed that their insured was the liable party sought to reimburse Plaintiff for her property damages.

7. Omni represented to Plaintiff in this case and to others similarly situated in their cases that the amount Omni and/or its insured was responsible for paying was less than the repair estimate for the vehicle, due to an improper reduction from the repair estimate referred to by Omni as a "betterment" charge, as evidence by the correspondence from Omni attached hereto as **Exhibit A**. This "betterment" charge reflects the difference in value between a used damaged part (a muffler in Ms. Colter's case) and the new part that was used to replace it, as evidenced by the appraisal attached hereto as **Exhibit B**.

8. As a result of Omni's actions, Plaintiff was delayed in repairing her vehicle, was required to pay additional monies for storage costs, and was forced to incur attorney's fees in hiring an attorney to compel Omni to withdraw the betterment charge, re-adjust the claim, and reimburse her for the additional storage costs.

9. Omni knew, or should have known, that the "betterment" charge assessed against Plaintiff was illegal and not allowed under South Carolina law; was not, upon information and belief, allowed under its standard form insurance contract with its policyholders; and further that

2

such attempt at imposing a betterment charge represents an unfair and deceptive act that impacts the public and has the potential for repetition and is, in fact, the standard business practice of Omni.

10.    Upon information and belief, Omni's standard form automobile insurance contract, including the one applicable to Ms. McDaniels, does not authorize the imposition of a "betterment" charge nor is the imposition of a "betterment" proper under South Carolina law, which allows that the proper measure of damages for a damaged automobile is the value of the cost of repairs. Plaintiff therefore seeks appropriate compensatory damages on her behalf and on behalf of allow other similarly situated individuals who have suffered damages, including attorney's fees and costs, as a result of Omni's imposition of unauthorized betterment charges.

11.    The class is defined to include the following individuals:

   a.    All Omni insureds residing in South Carolina who received property settlements which reflected the deduction of monies for a betterment charge;

   b.    All Omni insureds not residing in South Carolina who received property settlements for accidents which occurred in South Carolina which reflected deduction of monies for a betterment charge;

   c.    All South Carolina residents injured by at-fault Omni insureds whose property damage liability claim was adjusted to include the deduction for certain "betterments" to the vehicle; and

   d.    All non-South Carolina residents injured by at-fault Omni insureds in an accident in South Carolina whose property damage liability claim was adjusted to include the deduction for certain betterments to the vehicle.

**For a First Cause of Action**
**(Breach of Contract)**

12.    The preceding paragraphs are incorporated herein as if repeated verbatim.

3

13. Upon information and belief, Omni's standard form insurance contract does not provide for the deduction of a betterment charge and by imposing a betterment charge to reduce payments to its insureds/policyholders, Omni has breached the contract with its insureds/policyholders, violated the covenant of good faith and fair dealing, and caused damages in excess of $100.00 per class member.

### For a Second Cause of Action
### (Fraud)

14. The preceding paragraphs are incorporated herein as if repeated verbatim.

15. Omni represented to its insureds, or those non-insureds (like the Plaintiff and others similarly situated) that it was entitled to deduct a betterment charge from its settlement of property damage claims.

16. Such representation was false and material.

17. Omni knew that it was not entitled to deduct a betterment charge from either its insureds or non-insureds and that such representation was false or, in the alternative, acted in reckless disregard of its falsity.

18. Omni intended that the Plaintiff and all those similarly situated, including the class members outlined above, would act upon the representation and accept the property damage settlement checks which reflected the deduction for a betterment.

19. The insureds and/or non-insureds did not know that the representation was false and relied upon the truthfulness of Omni in settling their claims and had the right to so rely.

4

20. As a result of Omni's fraud, the Plaintiffs have suffered injuries and damages in an amount to be proved at trial, to include punitive damages.

### For a Third Cause of Action
### (Violation of the South Carolina Unfair Trade Practices Act)

21. The preceding paragraphs are incorporated herein as if repeated verbatim.

22. Omni's actions were unfair or deceptive in that it willfully deducted from property damage settlements a betterment charge when it had no right to do so, and did so for its own financial gain, pocketing monies that was rightfully due to be paid to others and that such actions constitutes a business practice on the part of Omni.

23. Omni's actions impact the public interest, in that they have the potential for repetition.

24. As a result of Omni's actions, Plaintiff, and the other class members, suffered such damages as will be shown at trial and are entitled to an award of punitive damages and attorney's fees.

### For a Fourth Cause of Action
### (Negligent Misrepresentation)

25. The preceding paragraphs are incorporated herein as if repeated verbatim.

26. Omni made a false representation to the Plaintiff and others similarly situated, as defined above, when it represented to them that it was entitled and allowed to deduct a "betterment" charge from their property claim settlement.

5

27. Omni had a pecuniary interest in making such a false statement and, further, owed a duty to the Plaintiff and others to communicate truthfully with members of the public, consumers, and its insureds.

28. Omni breached its duty to communicate truthful information by failing to exercise due care when it wrongly represented that it was entitled to deduct a betterment charge.

29. Plaintiff and others were justified and reasonable in relying upon Omni's representation and suffered damages, including the amount of the betterment charge and legal fees, as a result of such reliance.

### For a Fifth Cause of Action
### (Negligence)

30. The preceding allegations are incorporated herein as if repeated verbatim.

31. Omni had a duty to properly adjust property damage claims and breached its duty and was careless and reckless when it sought to deduct a "betterment" charge from Plaintiff and those similarly situated settlements, knowing that such betterments were not the proper measure of damages.

32. Omni further had a duty to communicate truthful information to its insureds and claimants when adjusting property damage claims.

33. Omni knew or should have known that the deduction of the "betterment" charge was not lawful or in compliance with industry standards and regulations, and as a result of such negligence and gross negligence, Plaintiff and those similarly situated have suffered damages in such amount as may be proved at trial, to include punitive damages.

6

Wherefore, the Plaintiff and those similarly situated pray for a trial by jury and for actual damages; punitive damages; treble damages; the costs and attorney's fees of this action; pre-judgment interest; and such other legal and equitable relief as the Court deems just and proper.

GOODWYN LAW FIRM, LLC

_____
T. Jeff Goodwyn, Jr., Esquire
Rachel G. Peavy, Esquire
2519 Devine Street, Suite A
Columbia, SC 29205
(803) 251-4517 (office)
(803) 251-4527 (fax)
JGoodwyn@Goodwynlaw.com

Dated: September 15, 2015

From: Harris, Alex (Omni, Claims)
Sent: Thursday, February 26, 2015 3:26 PM
To: 'princessdianna86@gmail.com'
Cc: Harris, Alex (Omni, Claims)
Subject: YOUR ESTIMATE FOR YOUR VEHICLE - CLAIM # 2015-57001

Hello Ms. Colter,

Please see the enclosed copy of your estimate for the damages to your 2010 Kia Sportage. As discussed, you will need to provide a copy of this estimate to the shop of your choosing and have them to begin the repairs on your vehicle immediately. Should your shop have any issues with this estimate or find any hidden and/or missed damages, they will need to contact the independent appraisal company that is listed at the top of this estimate.

We have requested payment for the amount of $3977.93 to be issued to you. You should receive this payment within the next 3-10 days. Your estimate total came to $4291.80. There is a difference of $313.87 that is your responsibility. This comes from a betterment taken from the muffler replacement. Your muffler is a depreciable item and the cost of the muffler is $586.67 with taxes comes to $627.74) The muffler has been depreciated 50% based on the age and mileage on your vehicle. Should you have any questions with regards to the depreciation of your muffler, please contact the independent appraisal company (Everett Smith & Associates) Their number is listed at the top of this estimate.

My manager Jorge Robles (ext 3364) has approved a full-size vehicle for you through Hertz at this time.

Alex Harris
Property Damage Claim Representative
American Independent Companies, Inc
P.O. Box 105019
Atlanta, GA 30348
Phone: 1-800-727-6664 Ext.3535
Fax: 1-800-680-1904
alex.harris@omniins.com


EXHIBIT A

02/23/2015 AT 09:07 AM  
113526

FILE ID: 2102

EVERETT SMITH & ASSOC  
APPRAISAL SERVICE ANYWHERE IN S.C.  
"ONE CALL DOES IT ALL"  DISPATCH@EVERETTSMITH.COM  
ALSO SERVING EASTERN GA. BORDER &  
SOUTHERN NC BORDER AREAS  
** SINCE 1984 **  
(803)731-0317  FAX: (803)798-6221  
WRITTEN BY: MARK STEELE  803 7670981  02/23/2015 09:06 AM

FOR: OMNI INSURANCE GROUP - OMNI-ATLANTA ATLA  
ADJUSTER: ALEX HARRIS  (800)727-6664

ESTIMATE OF RECORD

INSURED: N/A  
OWNER: ALLISON COLTER  
ADDRESS: 423 EASTER ST  
COLUMBIA, SC 29203  
EVENING: (803)724-9606

CLAIM #2015-57001-B  
POLICY #  
DATE OF LOSS: 02/17/2015 AT 06:00 AM  
TYPE OF LOSS: LIABILITY  
POINT OF IMPACT: 6.  REAR

INSPECT PUFF HOWARD COLLISON CENTER  
LOCATION: 2426 WAITES RD  
COLUMBIA, SC 29204

DAY: (803)779-2812  
OTHER

REPAIR MUST PROVIDE ALL PAGES TO OWNERS  
FACILITY: SHOP OF CHOICE

DAYS TO REPAIR  
LICENSE #

2010 KIA SPORTAGE 4X2 LX 4-2.0L-FI 4D UTV BLACK INT:BLACK  
VIN: KNDKG3A42A7693086  LIC: IAS 553  SC  PROD DATE: 09/2009  ODOMETER: 90688  
CONDITION: GOOD

| AIR CONDITIONING | INTERMITTENT WIPERS | TILT WHEEL |
| CRUISE CONTROL | REAR DEFOGGER | KEYLESS ENTRY |
| REAR WINDOW WIPER | DUAL MIRRORS | PRIVACY GLASS |
| CONSOLE/STORAGE | OVERHEAD CONSOLE | LUGGAGE/ROOF RACK |
| CLEAR COAT PAINT | POWER STEERING | POWER BRAKES |
| POWER WINDOWS | POWER LOCKS | POWER MIRRORS |
| AM RADIO | FM RADIO | STEREO |
| SEARCH/SEEK | CD PLAYER | AUXILIARY AUDIO CONNECTIO |
| SATELLITE RADIO | DRIVER SIDE AIR BAG | PASSENGER AIR BAG |
| ANTI-LOCK BRAKES (4) | 4 WHEEL DISC BRAKES | TRACTION CONTROL |
| STABILITY CONTROL | FRONT SIDE IMPACT AIR BAG | HEAD/CURTAIN AIR BAGS |
| CLOTH SEATS | BUCKET SEATS | AUTOMATIC TRANSMISSION |
| OVERDRIVE | ALUMINUM/ALLOY WHEELS | |

| NO. | OP. | DESCRIPTION | QTY | EXT. PRICE | LABOR | PAINT |
|---|---|---|---|---|---|---|
| 1 | | REAR BUMPER | | | | |
| 2** | | REPL A/M CAPA BUMPER COVER 2.0 LITER | 1 | 223.00 | 1.1 | 2.8 |
| 3 | | ADD FOR CLEAR COAT | | | | 1.1 |
| 4** | | REPL A/M STEP PAD | 1 | 37.00 | 0.2 | |
| 5 | | REPL RT BUMPER COVER BRACKET OUTER | 1 | 4.67 | | |

1


EXHIBIT B

```
02/23/2015 AT 09:07 AM                                          FILE ID: 2102
113525
                           ESTIMATE OF RECORD
             2010 KIA SPORTAGE 4X2 LX 4-2.0L-FI 4D UTV BLACK INT:BLACK

   NO.      OP.     DESCRIPTION              QTY EXT. PRICE LABOR    PAINT

    6       REPL  BUMPER COVER BRACKET INNER   1    5.68
                  W/O CLADDING
    7       REPL  LOWER BRACKET               1    8.32
    8       REPL  ENERGY ABSORBER             1   63.33      INCL.
    9       REPL  IMPACT BAR                  1  514.45       0.3
   10             LIFT GATE
   11*      RPR   LIFT GATE W/REAR WIPER FROM                3.5*     2.1
                  7/01/06
   12             ADD FOR CLEAR COAT                                  0.6
   13       REPL  NAMEPLATE "SPORTAGE"        1   20.78       0.2
   14       REPL  NAMEPLATE "LX"              1   11.12       0.2
   15             REAR BODY & FLOOR
   16*      RPR   FLOOR PAN ASSY 2WD                          5.5*    1.8
   17       REPL  REAR BODY PANEL             1  328.20       6.5     1.3
   18             OVERLAP MAJOR NON-ADJ. PANEL                       -0.2
   19             ADD FOR CLEAR COAT                                  0.2
   20             ADD FOR INSIDE                                      0.7
   21       REPL  RT REINFORCEMENT            1   12.02       0.2
   22*      RPR   RT SIDEMEMBER 2WD                         8 3.0*    1.4
   23             ADD FOR CLEAR COAT                                  0.3
   24             EXHAUST SYSTEM
   25#      SUBL  HAZARDOUS WASTE REMOVAL     1    4.00
 M 26       REPL  MUFFLER 2WD B50%            1  586.67     M 0.6 M
   27#      REPL  COVER CAR                   1   10.00
   28#            SETUP & MEASURE             1                2.0
   29#      SUBL  FOUR WHEEL ALIGNMENT        1   69.95
   30#      RPR   FULL REAR BODY PANEL & FLOOR                3.5  F
   31             QUARTER PANEL
   32       REPL  MUD GUARD W/O CLADDING      1   19.50
   33#      SUBL  TOWING                      1  235.00  X

                                SUBTOTALS =>    2153.69     26.8    12.3

LINE 26 : 50% BETTERMENT DUE TO AGE & MILES

ESTIMATE NOTES:
NO SUPPLEMENTAL PAYMENT WITHOUT PRIOR APPROVAL & INSPECTION, IF NEEDED. ****

PLEASE REFER DIRECTLY TO LISTED CLAIM REP FOR PAYMENT AND COVERAGE QUESTIONS.

VEHICLE DOES NOT APPEAR TO BE SAFELY DRIVABLE.

DATE RECEIVED: 2/18 CONTACTED: 2/19 INSPECTED: 2/20 COMPLETED: 2/23

APPRAISAL DELIVERY**EMAILED TO OWNER & CLAIM REP ON 2/23
```

2

```
02/23/2015 AT 09:07 AM                                          FILE ID: 2102
113528
                          ESTIMATE OF RECORD
             2010 KIA SPORTAGE 4X2 LX 4-2.0L-FI 4D UTV BLACK INT:BLACK

                  PARTS                                              1918.69
                  BODY LABOR          22.7 HRS   @$ 42.00/HR          953.40
                  PAINT LABOR         12.3 HRS   @$ 42.00/HR          516.60
                  MECHANICAL LABOR     0.6 HRS   @$ 65.00/HR           39.00
                  FRAME LABOR          3.5 HRS   @$ 50.00/HR          175.00
                  PAINT SUPPLIES      12.3 HRS   @$ 26.00/HR          319.80
                  SUBLET/MISC.                                        235.00
                  ----------------------------------------------------------
                  SUBTOTAL                                        $ 4157.49
                  SALES TAX                $ 1918.69 @ 7.0000%      134.31
                  ----------------------------------------------------------
                  TOTAL COST OF REPAIRS                            $ 4291.80

                  ADJUSTMENTS:
                    MUFFLER 2WD 350%                                  313.87
                  ----------------------------------------------------------
                  TOTAL ADJUSTMENTS                                $  313.87
                  NET COST OF REPAIRS                              $ 3977.93
```

THIS DAMAGE APPRAISAL IS NOT AN ACCEPTANCE OF LIABILITY, NOT A CONFIRMATION OF COVERAGE, NOT A GUARANTEE OF ANY PAYMENT & NOT AN AUTHORIZATION TO REPAIR.

** VEHICLE OWNER MUST AUTHORIZE REPAIRS & GUARANTEE PAYMENT IN FULL AT COMPLETION OF REPAIRS.

PLEASE REFER DIRECTLY TO LISTED INSURANCE COMPANY CLAIM REP WITH ANY QUESTIONS REGARDING INSURANCE COVERAGE OR PAYMENTS.

VEHICLE OWNER MUST PROVIDE ALL PAGES OF THIS APPRAISAL REPORT TO SHOP OF OWNER'S CHOICE, PRIOR TO OWNER'S AUTHORIZATION TO REPAIR.

ALL SUPPLEMENTS MUST BE REPORTED TO APPRAISER PROMPTLY & PRIOR TO REPAIR COMPLETION, FOR APPROVAL & MUST BE SUPPORTED WITH PROPER DOCUMENTATION.. FAILURE TO COMPLY MAY RESULT IN DENIAL OF INSURANCE COVERAGE..

3

02/23/2015 AT 09:07 AM  
113528

FILE ID: 2102

### ESTIMATE OF RECORD
### 2010 KIA SPORTAGE 4X2 LX 4-2.0L-FI 4D UTV BLACK INT:BLACK

THIS DAMAGE APPRAISAL IS NOT AN ACCEPTANCE OF LIABILITY, NOT A CONFIRMATION OF COVERAGE, NOT A GUARANTEE OF ANY PAYMENT & NOT AN AUTHORIZATION TO REPAIR.

** VEHICLE OWNER MUST AUTHORIZE REPAIRS & GUARANTEE PAYMENT IN FULL AT COMPLETION OF REPAIRS.

PLEASE REFER DIRECTLY TO LISTED INSURANCE COMPANY CLAIM REP WITH ANY QUESTIONS REGARDING INSURANCE COVERAGE AN/OR PAYMENTS.

VEHICLE OWNER MUST PROVIDE ALL PAGES OF THIS APPRAISAL REPORT TO SHOP OF OWNERS CHOICE PRIOR TO OWNERS AUTHORIZATION TO REPAIR.
------------------------------------------------------------

ALL SUPPLEMENTS MUST BE REPORTED TO APPRAISER PROMPTLY & PRIOR TO REPAIR COMPLETION, FOR PRIOR APPROVAL.  
FAILURE TO COMPLY MAY RESULT IN DENIAL OF INSURANCE COVERAGE & PROPER DOCUMENTIION MUST BE PROVIDED TO SUPPORT ALL CLAIMS.

4

02/23/2015 AT 09:07 AM    FILE ID: 2102
113528

## ESTIMATE OF RECORD
### 2010 KIA SPORTAGE 4X2 LX 4-2.0L-FI 4D UTV BLACK INT:BLACK

ESTIMATE BASED ON MOTOR CRASH ESTIMATING GUIDE. UNLESS OTHERWISE NOTED ALL ITEMS ARE DERIVED FROM THE GUIDE ARY2302, CCC DATA DATE 02/02/2015, AND THE PARTS SELECTED ARE OEM-PARTS MANUFACTURED BY THE VEHICLES ORIGINAL EQUIPMENT MANUFACTURER. OEM PARTS ARE AVAILABLE AT OE/VEHICLE DEALERSHIPS. OPT OEM (OPTIONAL OEM) OR ALT OEM (ALTERNATIVE OEM) PARTS ARE OEM PARTS THAT MAY BE PROVIDED BY OR THROUGH ALTERNATE SOURCES OTHER THAN THE OEM VEHICLE DEALERSHIPS. OPT OEM OR ALT OEM PARTS MAY REFLECT SOME SPECIFIC, SPECIAL, OR UNIQUE PRICING OR DISCOUNT. OPT OEM OR ALT OEM PARTS MAY INCLUDE "BLEMISHED" PARTS PROVIDED BY OEM'S THROUGH OEM VEHICLE DEALERSHIPS. ASTERISK (*) OR DOUBLE ASTERISK (**) INDICATES THAT THE PARTS AND/OR LABOR INFORMATION PROVIDED BY MOTOR MAY HAVE BEEN MODIFIED OR MAY HAVE COME FROM AN ALTERNATE DATA SOURCE. TILDE SIGN (~) ITEMS INDICATE MOTOR NOT-INCLUDED LABOR OPERATIONS. THE SYMBOL (<>) INDICATES THE REFINISH OPERATION WILL NOT BE PERFORMED AS A SEPARATE PROCEDURE FROM THE OTHER PANELS IN THE ESTIMATE. NON-ORIGINAL EQUIPMENT MANUFACTURER AFTERMARKET PARTS ARE DESCRIBED AS NON OEM, A/M, QUAL REPL PARTS OR COMP REPL PARTS WHICH STANDS FOR COMPETITIVE REPLACEMENT PARTS. USED PARTS ARE DESCRIBED AS LKQ, QUAL RECY PARTS, RCY, OR USED. RECONDITIONED PARTS ARE DESCRIBED AS RECOND. RECORED PARTS ARE DESCRIBED AS RECOR. NAGS PART NUMBERS AND BENCHMARK PRICES ARE PROVIDED BY NATIONAL AUTO GLASS SPECIFICATIONS. LABOR OPERATION TIMES LISTED ON THE LINE WITH THE NAGS INFORMATION ARE MOTOR SUGGESTED LABOR OPERATION TIMES. NAGS LABOR OPERATION TIMES ARE NOT INCLUDED. POUND SIGN (#) ITEMS INDICATE MANUAL ENTRIES. SOME 2014 VEHICLES CONTAIN MINOR CHANGES FROM THE PREVIOUS YEAR. FOR THOSE VEHICLES, PRIOR TO RECEIVING UPDATED DATA FROM THE VEHICLE MANUFACTURER, LABOR AND PARTS DATA FROM THE PREVIOUS YEAR MAY BE USED. THE PATHWAYS ESTIMATOR HAS A COMPLETE LIST OF APPLICABLE VEHICLES. PART NUMBERS AND PRICES SHOULD BE CONFIRMED WITH THE LOCAL DEALERSHIP. THE FOLLOWING IS A LIST OF ADDITIONAL ABBREVIATIONS OR SYMBOLS THAT MAY BE USED TO DESCRIBE WORK TO BE PERFORMED OR PARTS TO BE REPAIRED OR REPLACED. SYMBOLS FOLLOWING PART PRICE: N=MOTOR MECHANICAL COMPONENT. S=MOTOR STRUCTURAL COMPONENT. T=MISCELLANEOUS TAXED CHARGE CATEGORY. X=MISCELLANEOUS NON-TAXED CHARGE CATEGORY. SYMBOLS FOLLOWING LABOR: D=DIAGNOSTIC LABOR CATEGORY. E=ELECTRICAL LABOR CATEGORY. F=FRAME LABOR CATEGORY. G=GLASS LABOR CATEGORY. M=MECHANICAL LABOR CATEGORY. S=STRUCTURAL LABOR CATEGORY. (NUMBERS) 1 THROUGH 4=USER DEFINED LABOR CATEGORIES. OTHER SYMBOLS AND ABBREVIATIONS: ADJ.=ADJACENT. ALGN.=ALIGN. ALU=ALUMINUM. A/M=AFTERMARKET PART. BLND=BLEND. BOR=BORON STEEL. CAPA=CERTIFIED AUTOMOTIVE PARTS ASSOCIATION. COMP REPL=COMPETITIVE REPLACEMENT (PART). D&R=DISCONNECT AND RECONNECT. HSS=HIGH STRENGTH STEEL. HYD=HYDROFORMED STEEL. INCL.=INCLUDED. LKQ=LIKE KIND AND QUALITY. LT=LEFT. MAG=MAGNESIUM. NON-ADJ.=NON ADJACENT. NSF=NSF INTERNATIONAL CERTIFIED PART. O/H=OVERHAUL. QTY=QUANTITY. QUAL RECY=QUALITY RECYCLED (PART). QUAL REPL=QUALITY REPLACEMENT(PART). REFN=REFINISH. REPL=REPLACE. R&I=REMOVE AND INSTALL. R&R=REMOVE AND REPLACE. RPR=REPAIR. RT=RIGHT. SAS=SANDWICHED STEEL. SECT=SECTION. SUBL=SUBLET. UHS=ULTRA HIGH STRENGTH STEEL. N=NOTE(S) ASSOCIATED WITH THE ESTIMATE LINE.

3

```
02/23/2015 AT 09:07 AM                                    FILE ID: 2102
113526
                            ESTIMATE OF RECORD
              2010 KIA SPORTAGE 4X2 LX 4-2.0L-FI 4D UTV BLACK INT:BLACK

     CCC PATHWAYS - A PRODUCT OF CCC INFORMATION SERVICES INC.  THE FOLLOWING IS A
     LIST OF ABBREVIATIONS THAT MAY BE USED IN CCC PATHWAYS THAT ARE NOT PART OF
           THE MOTOR CRASH ESTIMATING GUIDE:  BAR=BUREAU OF AUTOMOTIVE REPAIR.
     EPA=ENVIRONMENTAL PROTECTION AGENCY.  NHTSA=NATIONAL HIGHWAY TRANSPORTATION
            AND SAFETY ADMINISTRATION.  PDR=PAINTLESS DENT REPAIR.  VIN=VEHICLE
                              IDENTIFICATION NUMBER.
```

6

```
02/23/2015 AT 09:07 AM                                          FILE ID: 2102
113,528
                            ESTIMATE OF RECORD
              2010 KIA SPORTAGE 4X2 LX 4-2.0L-FI 4D UTV BLACK INT:BLACK

                           ALTERNATE PARTS SUPPLIERS

   2 A/M CAPA BUMPER COVER 2.0 L    PART NO.  KI1100126C    PRICE  223.00
   .4 A/M STEP PAD                  PART NO.  KI1191101     PRICE   37.00

      KEYSTONE-INSURANCE-IL                    (800)476-1274
      1700 WESTGATE PARKWAY SW                 (404)691-6930
      ATLANTA, GA  30336
```

7

```
02/23/2015 AT 09:07 AM                                    FILE ID: 2102
113525
                            ESTIMATE OF RECORD
            2010 KIA SPORTAGE 4X2 LX 4-2.0L-FI 4D UTV BLACK INT:BLACK

                            ALTERNATE PARTS USAGE


                              AFTERMARKET PARTS

                    AFTERMARKET SELECTION METHOD:   AUTOMATICALLY LIST

      NO. OF TIMES USER WAS NOTIFIED THAT AN AFTERMARKET PART WAS AVAILABLE:    2

          NO. OF AFTERMARKET PARTS THAT APPEAR IN THE FINAL ESTIMATE:           2


                              OPTIONAL OEM PARTS

                    OPTIONAL OEM SELECTION METHOD:   AUTOMATICALLY LIST

      NO. OF TIMES USER WAS NOTIFIED THAT AN OPTIONAL OEM PART WAS AVAILABLE:   0

          NO. OF OPTIONAL OEM PARTS THAT APPEAR IN THE FINAL ESTIMATE:          0


                              RECONDITIONED PARTS

                    RECONDITIONED SELECTION METHOD:   AUTOMATICALLY LIST

      NO. OF TIMES USER WAS NOTIFIED THAT A RECONDITIONED PART WAS AVAILABLE:   0

          NO. OF RECONDITIONED PARTS THAT APPEAR IN THE FINAL ESTIMATE:         0


                                RECYCLED PARTS

      NO. OF TIMES USER WAS NOTIFIED THAT A RECYCLED PART WAS AVAILABLE:        1

          NO. OF RECYCLED PARTS THAT APPEAR IN THE FINAL ESTIMATE:              0
```

6

Summons and complaint of within entitled cause received at this office and service accepted in accordance with law this _____ day of _____

*Raymond S. Farmer*

Director of Insurance
and Attorney to Accept Service
Columbia, SC