# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Allison Colter, on behalf of herself and all others similarly situated, </br></br>　　　　　　Plaintiff, </br></br>v. </br></br>Omni Insurance Company and Omni Indemnity Company, </br></br>　　　　　　Defendants. | Civil Action No. 3:15-cv-04171-JMC </br></br></br></br></br>**ORDER AND OPINION** |

Plaintiff Allison Colter ("Plaintiff"), on behalf of herself and all others similarly situated, filed the instant putative class action seeking damages from Defendants Omni Insurance Company and Omni Indemnity Company (together "Defendants") for their alleged imposition of an illegal and unauthorized "betterment" or depreciation charge on property settlements for accidents. (ECF No. 1-1.)

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 8) on the basis that Plaintiff lacks standing to raise a breach of contract class claim. (ECF No. 12 at 3.) Plaintiff opposes Defendants' Motion to Dismiss asserting that she "has standing to assert the contract claim on behalf of the [putative] class members because the injuries suffered by . . . [Plaintiff] and the purported class members . . . are identical" and is entitled to discovery before dismissal of a breach of contract class claim. (ECF No. 15 at 1.) For the reasons set forth below, the court **DENIES** Defendants' Motion to Dismiss.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

On February 17, 2015, Plaintiff was involved in a motor vehicle accident with

Defendants' insured. (ECF No. 1-1 at 3 ¶ 5.) After determining that their insured was liable for the damage to Plaintiff's vehicle, Defendants told Plaintiff that she would receive an amount equal to her repair estimate minus a betterment or depreciation charge for certain damaged parts. (Id. at ¶ 6; see also ECF No. 1-1 at 9.) Plaintiff alleges that Defendants' attempt to enforce the "illegal" betterment charge delayed the repair of her vehicle and caused her to incur increased fees for storage of her vehicle and to hire an attorney. (Id. at ¶ 8.)

Because she believes the betterment charge is illegal and not allowed under South Carolina law, Plaintiff filed an action in the Richland County (South Carolina) Court of Common Pleas on September 18, 2015, asserting causes of action against Defendants for breach of contract, fraud, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 to -560 (2014), negligent misrepresentation, and negligence. (ECF No. 1-1 at 4–7.) On October 8, 2015, Defendants removed the matter to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) After removing the matter, Defendants filed their Motion to Dismiss on November 3, 2015. (ECF No. 8.) Plaintiff filed opposition to Defendants' Motion to Dismiss on December 4, 2015. (ECF No. 15.)

On June 28, 2016, the court held a hearing on the pending Motion to Dismiss. (ECF No. 66.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Defendants' allegations that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (See ECF No. 1 at 2 ¶¶ 4–5.)

### III.     LEGAL STANDARD

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies." U.S. Const. art. III, § 2. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Fredrick, Md., 191 F.3d 394, 399 (4th Cir. 1999). A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Standing implicates the court's subject matter jurisdiction and is governed by Rule 12(b)(1). Crumbling v. Miyabi Murrells Inlet, LLC, C/A No. 2:15-cv-4902-PMD, 2016 WL 3351351, at *1 (D.S.C. June 16, 2016). "It is well established that standing is a threshold jurisdictional issue that must be determined first because '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" Covenant Media of N.C., LLC v. City of Monroe, N.C., 285 F. App'x 30, 34 (4th Cir. 2008) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). "To possess the constitutional component of standing, a party must meet three requirements: (1) [the party] has suffered an 'injury in fact' that is (a) concrete and particularized

and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." McBurney v. Cuccinelli, 616 F.3d 393, 410 (4th Cir. 2010) (citing, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000)).

A case must be brought by a party with a "personal stake" in the litigation.  See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980); United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008).  "When the case is a class action lawsuit, the named class representatives 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" Pasby v. Delia, 709 F.3d 307, 316 (4th Cir. 2013) (quoting Blum v. Yaretsky, 457 U.S. 991, 1001 n.13 (1982)).  "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974) (citation omitted).

## IV. ANALYSIS

A. The Parties' Arguments

### 1. *Defendants*

In their Motion to Dismiss, Defendants argue that the court lacks subject matter jurisdiction because "Plaintiff lacks standing to raise a 'breach of contract' cause of action." (ECF No. 12 at 1.)  Specifically, Defendants argue that Plaintiff has failed to allege that she was either "a party to any contract with Defendants" or "a policyholder of a policy of insurance issued by Defendants." (Id. at 3.)

### 2. *Plaintiff*

Plaintiff opposes Defendants' Motion to Dismiss arguing that she is "– at least at this

stage – a proper class representative and therefore has standing to bring the breach of contract claim on behalf of the (as yet) unidentified" class members. (ECF No. 15 at 4.) Plaintiff further argues that "until such time as discovery is had by the Plaintiff, and a motion for class certification is heard and ruled upon, dismissal of the breach of contract action is premature." (Id. at 1, 3 (citing, e.g., Cent. Wesleyan Coll. v. W.R. Grace & Co., 6 F.3d 177, 187 (4th Cir. 1993) ("it [is] not an abuse of discretion to delay ruling on the standing issue until discovery of the relevant underlying facts [is] complete.") (citation omitted)).)

B.     The Court's Review

In their Motion, Defendants argue that the court lacks subject matter jurisdiction over the entire action because Plaintiff lacks standing to raise a breach of contract putative class claim. The court is not persuaded by this argument for 2 reasons. First, there are 4 other putative class claims alleged in this action and "it is well established that the lead plaintiff need not have standing to assert every claim that is being raised in the litigation as long as a member of the putative class has such standing . . . ." In re: Countrywide Fin. Corp. Mortg.-Backed Sec. Litig., 812 F. Supp. 2d 1380, 1383 (J.P.M.L. 2011). Second, under South Carolina law, Plaintiff is not necessarily precluded from bringing a breach of contract action just because she is not a party to the contract at issue.

"An insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law." Murphy, 657 F. Supp. 2d at 693 (quoting Coakley v. Horace Mann Ins. Co., 656 S.E.2d 17, 18–19 (S.C. 2007)). "To recover for a breach of contract, the plaintiff must prove: (1) a binding contract; (2) a breach of contract; and (3) damages proximately resulting from the breach." Hennes v. Shaw, 725 S.E.2d 501, 506 (S.C. Ct. App. 2012) (citation omitted). "Only parties to a contract may be sued for a

breach of contract cause of action." Murphy v. Jefferson Pilot Commc'ns Co., 657 F. Supp. 2d 683, 693 (D.S.C. 2008) (citation omitted). "Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff." Bob Hammond Constr. Co., Inc. v. Banks Constr. Co., 440 S.E.2d 890, 891 (S.C. Ct. App. 1994) (citations omitted). "However, if a contract is made for the benefit of a third person, that person may enforce the contract if the contracting parties intended to create a direct, rather than an incidental or consequential, benefit to such third person." Id. (citation omitted). "[A] contract between two persons for the benefit of a third, even though he be not named therein, can be enforced by such third party." Standard Oil Co. of N.J. v. Powell Paving & Contracting Co., 138 S.E. 184, 186 (S.C. 1927).

Upon consideration of the foregoing, the court concludes that there is a dispute of material jurisdictional fact as to whether Plaintiff is a third party beneficiary under Defendants' insurance contract. In this regard, the court observes that the evidentiary support for Defendants' Motion is lacking because they allegedly refused to participate in any discovery (ECF No. 15 2, 4) and the insurance contract at issue was not included as an exhibit in support of Defendants' Motion. As a result, the court finds that Defendants' Motion is premature as to Plaintiff's standing to bring a breach of contract claim. Accordingly, Defendants' Motion to Dismiss must be denied.

## V.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** without prejudice Defendants Omni Insurance Company and Omni Indemnity Company's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 8.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 12, 2016
Columbia, South Carolina

7