# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| Allison Colter, on behalf of herself and all others similarly situated, | Civil Action No. 3:15-cv-04171-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Omni Insurance Company and Omni Indemnity Company, | |
| Defendants. | |

Plaintiff Allison Colter ("Plaintiff"), on behalf of herself and all others similarly situated, filed the instant putative class action seeking damages from Defendants Omni Insurance Company and Omni Indemnity Company (together "Defendants") for their alleged imposition of an illegal and unauthorized "betterment" or depreciation charge on property settlements for accidents. (ECF No. 1-1.)

This matter is before the court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 17). Specifically, Defendants argue that they are entitled to dismissal of this matter "because a 'betterment' [or depreciation charge] is not illegal in South Carolina and because each and every cause of action raised by Plaintiff is based on the incorrect assertion that a 'betterment' is illegal in South Carolina, Plaintiff has failed to state any claim for which relief can be granted by this court and this court must dismiss the Complaint with prejudice." (ECF No. 17 at 2.) Plaintiff opposes Defendants' Motion to Dismiss asserting that her "Complaint clearly and succinctly sets out facts sufficient to support the causes of action; specifically, that Omni has acted wrongfully towards its insureds and third parties by deducting 'betterments' from property damage settlements." (ECF No. 25 at 2.)

For the reasons set forth below, the court **GRANTS** Defendants' Motion to Dismiss.

## I. RELEVANT BACKGROUND TO PENDING MOTIONS

Defendants are automobile insurers for Kayla McDaniels (the "Insured"). (ECF No. 1-1 at 3 ¶ 5.) On February 17, 2015, Plaintiff was involved in a motor vehicle accident with Defendants' Insured. (Id.) After determining that their Insured was liable for the damage to Plaintiff's vehicle, Defendants told Plaintiff that she would receive payment for her damages equal to her repair estimate minus a betterment or depreciation charge for certain damaged parts. (Id. at ¶ 6.) Specifically, Defendants deducted a betterment charge of $313.87 from the total repair bill of $4,291.80 to account for depreciation in the muffler. (Id. at 9.)

Because she believes the betterment charge is illegal and not allowed under South Carolina law, Plaintiff filed an action in the Richland County (South Carolina) Court of Common Pleas on September 18, 2015, asserting causes of action against Defendants for breach of contract, fraud, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 to -560 (2014), negligent misrepresentation, and negligence. (ECF No. 1-1 at 4–7.) On October 8, 2015, Defendants removed the matter to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) After removing the matter, Defendants filed their Motion to Dismiss on December 4, 2015. (ECF No. 17.) Plaintiff filed opposition to Defendants' Motion to Dismiss on December 21, 2015. (ECF No. 25.)

On June 28, 2016, the court held a hearing on the pending Motion. (ECF No. 66.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Defendants' allegations that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy herein exceeds the sum of Seventy-Five Thousand

($75,000.00) Dollars, exclusive of interest and costs.  (See ECF No. 1 at 2 ¶¶ 4–5.)

### III.     LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

### IV.     ANALYSIS

A.     The Parties' Arguments

Defendants move for dismissal of the action on the basis that the betterment or depreciation charge imposed on Plaintiff is not illegal under current South Carolina law.  (ECF

No. 17 at 1–2.) Defendants argue that "[e]ach and every cause of action raised by Plaintiff in the Complaint is predicated on the assertion that a 'betterment' is illegal in South Carolina." (Id. at 2.) Defendants further argue that "because a "betterment" is not illegal in South Carolina and because each and every cause of action raised by Plaintiff is based on the incorrect assertion that a 'betterment' is illegal in South Carolina, Plaintiff has failed to state any claim for which relief can be granted by this court . . . ." (Id.)

In response to Defendants' arguments for dismissal of her action, Plaintiff asserts that her Complaint "clearly and succinctly sets out facts sufficient to support the causes of action; specifically, that Omni has acted wrongfully towards its insureds and third parties by deducting 'betterments' from property damage settlements." (ECF No. 25 at 2.) Moreover, Plaintiff asserts that under South Carolina law a betterment deduction is illegal because "the measure of damages is the cost of repair, plus the value of the loss of use." (Id. (citing Hutson v. Cummins Carolinas, Inc., 314 S.E.2d 19 (S.C. Ct. App. 1984); Newman v. Brown, 90 S.E.2d 649 (S.C. 1955)).)

B.     The Court's Review

The premise of Defendants' Motion to Dismiss is that all of Plaintiff's claims fail since a betterment charge is not illegal under South Carolina law. Plaintiff opposes the Motion to Dismiss on the grounds that a betterment charge is illegal because South Carolina common law has defined the measure of damage to a vehicle in terms that do not contemplate a betterment charge. More specifically, Plaintiff's position is that betterment is illegal in South Carolina based on the definition of damages provided by Hutson and Newman. For a betterment charge to be illegal in South Carolina, it must be "unlawful" or "not authorized by law." Black's Law Dictionary Online, http://thelawdictionary.org/illegal/ (last visited July 8, 2016). After failing to locate any South Carolina statutory law or common law expressly addressing the legality of a

betterment charge, the court finds that neither <u>Hutson</u>, <u>Newman</u>, nor any other decisions by the appellate courts of South Carolina define the measure of damages in South Carolina in such a way that would make the imposition of a betterment charge by Defendants illegal in this state.  A brief discussion of the relevant case law informs the issue.

"The general rule is that the owner of personal property, injured by the negligence of another, is entitled to recover the difference between the market value of the property immediately before the injury and its market value immediately after the injury."  <u>Coleman v. Levkoff</u>, 122 S.E. 875, 876 (S.C. 1924) (citations omitted).  "If . . . the owner has the property repaired and restored to a condition in which its market value equals or exceeds the market value before the injury, the measure of damages in that case is the reasonable cost of restoring the property to its previous condition, together with the value of the use of the property during the time reasonably required to repair it."  <u>Id.</u>  In <u>Newman</u>, "diminution in value" was added to the "proper measure of damages."  90 S.E.2d at 652.  A few years after <u>Newman</u>, the South Carolina Supreme Court decided that a "deductible specified in the [insurance] policy" could be part of the damages calculation.  <u>Campbell v. Calvert Fire Ins. Co.</u>, 109 S.E.2d 572, 577 (S.C. 1959).  Thereafter, in <u>Hutson</u>, the South Carolina Court of Appeals observed that the value of loss of use and either the cost of repair or the depreciation in a vehicle's value may constitute the measure of damages recoverable from the tortfeasor (not the tortfeasor's insurer).  314 S.E.2d at 23 (citing <u>Newman</u>, <u>Coleman</u>).  In addition, the <u>Hutson</u> court speculated that lost profits could be part of the measure of damages.  <u>Id.</u> (citing <u>Charles v. Tex. Co.</u>, 18 S.E.2d 719 (S.C. 1942)).

After considering the aforementioned case law, the court concludes that it is unable to infer the illegality of a betterment charge in South Carolina since the measure of damages is not just the cost of repair, plus the value of the loss of use as Plaintiff asserts.  In reaching this

conclusion, the court finds support for the propriety of a betterment charge from observations made by other jurisdictions. See, e.g., Pizani v. M/V Cotton Blossom, 737 F.2d 1334, 1337 (5th Cir. 1984) ("An increase in value effected by the repair or replacement of a damaged item is properly deducted from the plaintiff's recovery for the cost of repairs.") (citation omitted); Delta Towing LLC v. Basic Energy Servs., C/A No. 6:08CV0075, 2011 WL 102717, at *6 (W.D. La. Jan. 12, 2010) ("But where the market value of the property is known, and the repairs necessary to correct the damage enhance the pretort value of the property (a concept referred to as "betterment"), the increase in value is typically deducted from the plaintiff's recovery for the cost of repairs."); Patterson Terminals, Inc. v. S.S. Johannes Frans, 209 F. Supp. 705, 710 (E.D. Pa. 1962) ("It violates reason to find that a responsible party should be obligated to replace in a new condition that which was deteriorated prior to the time he became responsible.  If some of the repairs are required because of age, deteriorated condition, service, or because of prior collisions, the entire cost of the repairs will not be allowed as damages.").  Therefore, because the illegality of a betterment charge was a condition precedent for the claims against Defendants, the court's finding entitles Defendants to dismissal of the Amended Complaint pursuant to Rule 12(b)(6).[1]

## V.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendants Omni Insurance

---

[1] Additionally, the court notes that Defendants are also entitled to dismissal of the SCUTPA claim for the alternative reason that Plaintiff may not maintain an action against insurers for violation of the SCUTPA.  Hill v. Canal Ins. Co., C/A No.: 2:15-cv-4902-PMD, 2012 WL 3135402, at 3 (D.S.C. Aug. 1, 2012).  "Insurance providers are separately regulated under South Carolina law and are not subject to the SCUPTA." Id. (citing S.C. Code Ann. § 39–5–40(c) (2016) (stating that the SCUTPA is inapplicable to trade practices regulated by §§ 38–57–10 through–320, which is the codification of the Insurance Trade Practices Act); Trs. of Grace Reformed Episcopal Church v. Charleston Ins. Co., 868 F. Supp. 128, 130–31 (D.S.C. 1994) ("[A]ll unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38–57–10 et seq., and are exempt from the coverage of SCUTPA.")).

Company and Omni Indemnity Company's Motion to Dismiss pursuant to Rule 12(b)(6). (ECF No. 17.) As a result of the foregoing, all remaining pending motions are **DENIED AS MOOT**. (ECF Nos. 18, 19, 20, 21, 22, 28, 30, 41, 49 & 56.)

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 12, 2016
Columbia, South Carolina