# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Allison Colter, on behalf of herself and all others similarly situated, | Civil Action No. 3:15-cv-04171-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Omni Insurance Company and Omni Indemnity Company, | |
| Defendants. | |

Plaintiff Allison Colter ("Plaintiff"), on behalf of herself and all others similarly situated, filed the instant putative class action seeking damages from Defendants Omni Insurance Company and Omni Indemnity Company (together "Omni" or "Defendants") for their alleged imposition of an illegal and unauthorized "betterment" or depreciation charge on property settlements for accidents. (ECF No. 1-1.)

This matter is before the court on Plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 74). Specifically, Plaintiff seeks reconsideration of the Order entered on July 12, 2016 (the "July Order"), in which the court granted Defendants' Motion to Dismiss the Complaint (ECF No. 17) after determining that each cause of action raised by Plaintiff was based on the incorrect assertion that a 'betterment' charge is illegal in South Carolina. (ECF No. 69 at 6.) Defendants oppose Plaintiff's Motion to Alter or Amend asserting that it should be denied and the court "should consider sanctions against Plaintiff and/or her counsel." (ECF No. 78 at 29.)

For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Alter or Amend.

## I.     RELEVANT BACKGROUND TO PENDING MOTIONS

Defendants are automobile insurers for Kayla McDaniels (the "Insured"). (ECF No. 1-1 at 3 ¶ 5.) On February 17, 2015, Plaintiff was involved in a motor vehicle accident with Defendants' Insured. (Id.) After determining that their Insured was liable for the damage to Plaintiff's vehicle, Defendants told Plaintiff that she would receive payment for her damages equal to her repair estimate minus a betterment or depreciation charge for certain damaged parts. (Id. at ¶ 6.) Specifically, Defendants deducted a betterment charge of $313.87 from the total repair bill of $4,291.80 to account for depreciation in the muffler. (Id. at 9.)

Because she believes the betterment charge is illegal and not allowed under South Carolina law, Plaintiff filed an action in the Richland County (South Carolina) Court of Common Pleas on September 18, 2015, asserting causes of action against Defendants for breach of contract, fraud, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 to -560 (2014), negligent misrepresentation, and negligence. (ECF No. 1-1 at 4–7.) On October 8, 2015, Defendants removed the matter to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) After removing the matter, Defendants filed their Motion to Dismiss on December 4, 2015. (ECF No. 17.) Plaintiff filed opposition to Defendants' Motion to Dismiss on December 21, 2015. (ECF No. 25.) After the court entered the July Order, Plaintiff moved to alter or amend on August 24, 2016.[1] (ECF No. 74.)

---

[1] The court observes that the instant Motion was filed more than twenty-eight days after Judgment (ECF No. 70) was entered and would normally be considered untimely under Rule 59(e). See id. However, the court granted Plaintiff an extension of time to file her Motion to Alter or Amend (ECF No. 72) which was in error because such extensions are expressly prohibited by Rule 6(b)(2). Nevertheless, because it was the court's error that allowed for the Rule 59(e) Motion to be filed after twenty-eight days, the court can still address the Motion by way of its inherent power to correct its own errors. E.g., Capital Inv'rs Co. v. Ex'rs of Morrison's Estate, 584 F.2d 652, 654 (4th Cir. 1978) ("[C]ourts have an inherent power to correct earlier error, if it becomes apparent, and to avoid injustice, . . . .")

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Defendants' allegations that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (See ECF No. 1 at 2 ¶¶ 4–5.)

## III.     LEGAL STANDARD AND ANALYSIS

In the July Order, the court made the following observations in granting Defendants' Motion to Dismiss (ECF No. 17) Plaintiff's Complaint:

> The premise of Defendants' Motion to Dismiss is that all of Plaintiff's claims fail since a betterment charge is not illegal under South Carolina law. Plaintiff opposes the Motion to Dismiss on the grounds that a betterment charge is illegal because South Carolina common law has defined the measure of damage to a vehicle in terms that do not contemplate a betterment charge. More specifically, Plaintiff's position is that betterment is illegal in South Carolina based on the definition of damages provided by Hutson and Newman. For a betterment charge to be illegal in South Carolina, it must be "unlawful" or "not authorized by law." Black's Law Dictionary Online, http://thelawdictionary.org/illegal/ (last visited July 8, 2016). After failing to locate any South Carolina statutory law or common law expressly addressing the legality of a betterment charge, the court finds that neither Hutson, Newman, nor any other decisions by the appellate courts of South Carolina define the measure of damages in South Carolina in such a way that would make the imposition of a betterment charge by Defendants illegal in this state. A brief discussion of the relevant case law informs the issue.
>
> "The general rule is that the owner of personal property, injured by the negligence of another, is entitled to recover the difference between the market value of the property immediately before the injury and its market value immediately after the injury." Coleman v. Levkoff, 122 S.E. 875, 876 (S.C. 1924) (citations omitted). "If . . . the owner has the property repaired and restored to a condition in which its market value equals or exceeds the market value before the injury, the measure of damages in that case is the reasonable cost of restoring the property to its previous condition, together with the value of the use of the property during the time reasonably required to repair it." Id. In Newman, "diminution in value" was added to the "proper measure of damages." 90 S.E.2d at 652. A few years after Newman, the South Carolina Supreme Court decided that a "deductible specified in the [insurance] policy" could be part of the damages calculation. Campbell v. Calvert Fire Ins. Co., 109 S.E.2d 572, 577 (S.C. 1959). Thereafter, in Hutson, the South Carolina Court of Appeals observed that the value of loss of use and either the cost of repair or the depreciation in a vehicle's value may constitute the

3

> measure of damages recoverable from the tortfeasor (not the tortfeasor's insurer). 314 S.E.2d at 23 (citing Newman, Coleman). In addition, the Hutson court speculated that lost profits could be part of the measure of damages. Id. (citing Charles v. Tex. Co., 18 S.E.2d 719 (S.C. 1942)).
>
> After considering the aforementioned case law, the court concludes that it is unable to infer the illegality of a betterment charge in South Carolina since the measure of damages is not just the cost of repair, plus the value of the loss of use as Plaintiff asserts. In reaching this conclusion, the court finds support for the propriety of a betterment charge from observations made by other jurisdictions. See, e.g., Pizani v. M/V Cotton Blossom, 737 F.2d 1334, 1337 (5th Cir. 1984) ("An increase in value effected by the repair or replacement of a damaged item is properly deducted from the plaintiff's recovery for the cost of repairs.") (citation omitted); Delta Towing LLC v. Basic Energy Servs., C/A No. 6:08CV0075, 2011 WL 102717, at *6 (W.D. La. Jan. 12, 2010) ("But where the market value of the property is known, and the repairs necessary to correct the damage enhance the pretort value of the property (a concept referred to as "betterment"), the increase in value is typically deducted from the plaintiff's recovery for the cost of repairs."); Patterson Terminals, Inc. v. S.S. Johannes Frans, 209 F. Supp. 705, 710 (E.D. Pa. 1962) ("It violates reason to find that a responsible party should be obligated to replace in a new condition that which was deteriorated prior to the time he became responsible. If some of the repairs are required because of age, deteriorated condition, service, or because of prior collisions, the entire cost of the repairs will not be allowed as damages."). Therefore, because the illegality of a betterment charge was a condition precedent for the claims against Defendants, the court's finding entitles Defendants to dismissal of the Amended Complaint pursuant to Rule 12(b)(6).

(ECF No. 69 at 4–5.) Plaintiff seeks to alter or amend the foregoing pursuant to Rule 59(e).

A.     Applicable Standard under Rule[2] 59(e)

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp.

---

[2] The court observes that "rule" refers to the Federal Rules of Civil Procedure.

4

v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." Lyles v. Reynolds, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

B.     The Parties' Arguments

In her Motion to Alter or Amend, Plaintiff argues that the question regarding the illegality of a betterment charge is a novel issue of state law and the court committed an error of law by not certifying the issue to the South Carolina Supreme Court.[3]  (ECF No. 74 at 2.) In support of this argument, Plaintiff contends that "the law of South Carolina does not allow for the deduction of a betterment from third party property damage claims because there is no case law or statute which allows for an insurance company to deduct from the repair cost the difference between a new part and an old part; whether the law would allow such deductions from Omni insureds pursuant to the terms of the policy is also an open question." (Id. at 8.)

---

[3] Plaintiff seeks certification of the following questions:

1. Under the law of South Carolina, may an automobile insurer deduct a "betterment" from the property damage claim it pays to third parties, resulting in the third party having to come "out of pocket" for a portion of the repair cost, when the policy under which the claim is paid provides for no such deduction as it relates to third party claims and the property damage law of South Carolina makes no mention of deductions for new versus old parts?
2. Under the law of South Carolina, may an automobile insurer deduct a betterment from the property damage claim it pays to its own insured, requiring the insured to come "out of pocket" for a portion of the repair cost in addition to payment of the deductible, where the insurer alleges that the vehicle itself has been "bettered" (i.e. increased in value) after the accident by the replacement of an old, damaged part with a new part?

(ECF No. 74 at 8.)

Plaintiff further contends that the case law cited by the court "in support of its contention that South Carolina law does not prohibit Omni from shifting the cost of repair to Plaintiff" is "not controlling authority in South Carolina and neither has been cited by South Carolina courts or by the Fourth Circuit Court of Appeals." (Id. at 8 & 10.)

In the alternative to the foregoing, Plaintiff asserts that the court has imparted on her a manifest injustice by dismissing the case and denying as moot her Motion to Amend the Complaint, which included a copy of the insurance policy at issue as an attachment. (ECF No. 74 at 2.) Plaintiff argues that the court should consider the policy because it "does not allow for the deduction of a betterment from third party claims, while purporting to allow such deduction for first party claims filed by Omni insureds, under the apparent theory that a wrecked vehicle is worth more after an accident if a new muffler (or other such item) replaces an old muffler." (Id. at 2–3.) Plaintiff further argues that "[i]njustice will result if Plaintiff's motion to amend the complaint is not granted, given that the proposed amended pleading attaches a copy of the Omni insurance policy, which clearly reflects that the Policy contains no reference or provision whatsoever for the deduction of a betterment from third party claims, while simultaneously purporting to provide for the deduction of betterments from first party (i.e. Omni insureds) claims." (Id. at 15.)

Defendants oppose Plaintiff's Motion requesting certification of the betterment issue on the basis that it is unnecessary because "the law as set out by this Court is clear that the deduction of a betterment is not illegal and the decision of this Court is clearly proper." (ECF No. 78 at 10.) Defendants further assert that "between the filings/hearings on this matter and her Motion to Alter or Amend[,]" Plaintiff changed her position from "betterments are illegal" to "betterments are a novel issue which need further consideration." (Id. at 9–10.) As a result,

6

Defendants argue that "Plaintiff cannot alter her position on these issues at this time simply because she failed to meet her burden of proving or showing that a betterment was illegal" and "[t]he elements of Rule 59 have clearly not been met . . . ." (ECF No. 78 at 24.)

As to Plaintiff's manifest injustice assertion, Defendants argue that Plaintiff's request for relief on that basis is also meritless because (1) the claims in the proposed amended complaint "still rest[] on the premise that deduction of betterments are illegal" and (2) "the sole reason the policy of insurance was not considered . . . is because Plaintiff objected and ardently opposed any discussion of it."[4]  (Id. at 28–29.)  Based on the perceived strength of its opposition to Plaintiff's Motion, Defendants beseech the court to "consider sanctions against Plaintiff and/or her counsel."  (Id. at 29; see also id. at 30–38.)

C.     The Court's Review

In her Motion, Plaintiff seeks to alter or amend the July Order on the basis that it is either a clear error of law if the betterment issue is not certified to the South Carolina Supreme Court or a manifest injustice if the court fails to allow Plaintiff to amend her Complaint.  Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Martinez–Melgar, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted).  Manifest injustice occurs where the court "has patently

---

[4] Additionally, the court observes that Defendants supplemented their arguments with a fifteen page summary of national cases and statutory law supporting the legality of betterments.  (See ECF No. 78 at 10–25.)

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

In the July Order (ECF No. 69), the court cited to appropriate persuasive authority and provided reasoning to support its decision to grant Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend. After considering the entirety of Plaintiff's complaints, objections, statements of error and/or manifest injustice, the court finds that reconsideration of the July Order is not appropriate. The denial of reconsideration is appropriate on one hand because Plaintiff's certification request is not persuasive as an error of law because it was made only after Plaintiff received an adverse ruling on the betterment issue. E.g., Hanover Shoe, Inc. v. United Shoe Mach. Corp., 392 U.S. 481, 484 n.1 (1968) ("United contends that the District Court erred in denying this motion, but we need not pass upon the merits of United's novel request, for the District Court clearly acted within its proper discretion in denying as untimely certification to another court of a question upon which it had already ruled."); Local 219 Plumbing & Pipefitting Indus. Pension Fund v. Buck Consultants, LLC, 311 F. App'x 827, 832 (6th Cir. 2009) ("The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling.") (citation omitted); Massengale v. Okla. Bd. of Exam'rs in Optometry, 30 F.3d 1325, 1331 (10th Cir. 1994) ("We generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court."). On the other hand, the court denies reconsideration of Plaintiff's manifest injustice/amended pleading argument because the court already considered and rejected it in finding that justice did not require allowing Plaintiff to

8

amend the Complaint under Rule 15(a)(2).  E.g., Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted.").  As a result, the court concludes that its entry of the July Order did not result in the commission of either clear error or manifest injustice.  Accordingly, the court denies Plaintiff's Motion to Alter or Amend.

### IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 74). However, after considering the entirety of the record, the court **DENIES** Defendants' request for sanctions against Plaintiff pursuant to Rule 11.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 6, 2017
Columbia, South Carolina

9